IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>EDWARD WAYNE WEBSTER,<br><br>                Defendant. | 8:13CR280<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's objection, Filing No. 33, to the order of the United States magistrate judge, Filing No. 27 (text minutes), Filing No. 30, Transcript of Hearing, denying his motion to sever under Fed. R. Crim. P. 8 and 14, Filing No. 23. The defendant is charged with three counts of sexual abuse of a minor (Counts I – III) and with one count of impersonating of an FBI Agent (Count IV). Filing No. 1, Indictment.

The court has conducted a de novo review of the record on the motion, including the transcript of the hearing, exhibits and briefs, under 28 U.S.C. § 636(b)(1)(C). At the hearing on the motion, the parties made a proffer that the government's evidence would show that the defendant, purporting to be an FBI agent, sent a letter in late 2009 to the employer of an individual known as M.S., stating that the government was investigating M.S. for criminal actions against minors. See Filing No. 30, Transcript at 5. The letter listed six potential witnesses, including the alleged victim of the sexual abuse crimes alleged in Counts I through II of the Indictment. *Id.* The FBI later traced the letter to the defendant and he admitted mailing the letter. *Id.*

The defendant argues that the impersonation count relates to a different time-frame than the crimes charged in Counts I to III, is neither similar to the other crimes nor part of the same act, transaction, or common scheme or plan of the other crimes. The government argues that it expects to adduce evidence that will show prior acts of sexual misconduct by the defendant that occurred over a longer period of time and involved other victims. *Id.* at 6-8. The government also argues that its evidence will show that the defendant had a longstanding history of assaults, and that his common defense was to place the blame on a different individual, namely, M.S. *Id.* at 9.

The magistrate judge ruled that the counts were properly joined under Rule 8(a), finding that the letter that is the subject of the impersonation count was written by the defendant "for the purposes of deflecting attention to the defendant with regard to a perpetrator of sexual misconduct with regard to minors." *Id.* at 11. The magistrate judge also found that evidence with respect to the impersonation count would be admissible in a trial of the other counts in any event. *Id.* Further, the magistrate judge found that the defendant would not be unduly prejudiced under Fed. R. Crim. P. 14 by the introduction of that evidence and the joint trial of the matter. *Id.* at 11-12.

Whether charges may be joined under Fed. R. Crim. P. 8(a) is a legal question. *United States v. Scott*, 732 F.3d 910, 916 (8th Cir. 2013); *United States v. Tyndall*, 263 F.3d 848, 849 (8th Cir. 2001). Rule 8(a) allows joinder "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In the exercise of its sound discretion, the court may sever the charges and require separate trials when a defendant is

2

prejudiced by the joinder of two charges.  Fed. R. Crim. P. 14.  Both Rule 8 and Rule 14 "are to be liberally construed in favor of joinder."  *United States v. Reynolds*, 720 F.3d 665, 670 (8th Cir. 2013).

When evidence of one crime is admissible in the trial of another crime, however, there is no prejudice in trying the two charges at the same time.  *Tyndall*, 263 F.3d at 850; *United States v. Erickson*, 610 F.3d 1049, 1055 (8th Cir. 2010) ("[A] defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime.").  The general rule that evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit a crime is not applicable to sex offenses.  *See* Fed. R. Evid. 413 and 414; *Reynolds*, 720 F.3d at 670-71 (noting that Rule 414 specifically provides for the admissibility of prior bad acts involving child molestation).

The court agrees with the magistrate judge's conclusion that joinder is proper under Rule 8.  The impersonating a federal officer count is connected to the other counts in that it is alleged to be part of a common scheme or plan to deflect suspicion of sexual abuse from the defendant.  The counts are temporally linked because the government intends to elicit evidence that the defendant was committing acts of sexual abuse at the time he sent the letter impersonating of the agent.

Further, the court agrees that the defendant cannot show prejudice from the joinder under Fed. R. Crim. P. 14 since the evidence that relates to Count IV is arguably admissible under Fed. R. Evid. 413 and 414 as evidence of prior bad acts.

THEREFORE, IT IS HEREBY ORDERED:

1. The defendant's objection (Filing No. 33) to the order of the magistrate judge (Filing No. 27) is overruled.

2. The order of the magistrate judge (Filing No. 27) is affirmed.

3. The defendant's motion to sever (Filing No. 23) is denied.

DATED this 6th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge